IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GARLAND MURRAY,

        Plaintiff,

v.                                           CIVIL ACTION NO. 2:17-cv-3261

DAVID BALLARD, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

I.    Introduction

Pending before the court is the plaintiff's "Submittions for Summary Judgment" [ECF No. 47], which the court construes as a Motion for Summary Judgment. Also pending before the court is a Motion for Summary Judgment [ECF No. 51] filed by Defendants Ballard, Rubenstein, Lt. Dempsey, and McKinney, in which Defendants C.O. Dempsey and Mitchell have joined [ECF No. 53].

This matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On December 19, 2018, Magistrate Judge Tinsley submitted his Proposed Findings and Recommendation ("PF&R") [ECF No. 72], recommending the court grant the defendants' Motion for Summary Judgment [ECF

No. 51], deny the plaintiff's Motion for Summary Judgment [ECF No. 47], and dismiss this matter from the docket.

The plaintiff's objections to the PF&R were filed on January 8, 2019 [ECF No. 73].[1] The court has reviewed de novo those portions of the PF&R to which the plaintiff objects and finds the plaintiff's objections lack merit. For the reasons stated herein, the court **OVERRULES** the plaintiff's objections and **ADOPTS** and **INCORPORATES** the findings and recommendation of the Magistrate Judge. The court **GRANTS** the defendants' Motion for Summary Judgment [ECF No. 51], **DENIES** the plaintiff's Motion for Summary Judgment [ECF No. 47], and **DISMISSES** this matter from the docket.

## II. Background

The factual background of this case is set forth in detail in the PF&R and need not be repeated here. The court **ADOPTS** the factual background and undisputed facts as set forth in the Magistrate Judge's PF&R.

## III. Standard of Review

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge

---

[1] Although objections to the PF&R were due on January 7, 2019, the court deems the plaintiff's objections to be timely under the "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (document filed by pro se prisoner is deemed to be "filed" when it is delivered to prison authorities for forwarding to court).

2

as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court notes that the plaintiff's pro se filing detailing his objections to the PF&R contains primarily general and conclusory objections. Nevertheless, to the extent the court has been able to discern specific assertions of error, the court has endeavored to construe the plaintiff's arguments liberally.

IV. Discussion

The Magistrate Judge found that the plaintiff has not properly exhausted his administrative remedies concerning the claims addressed in his Complaint and that the plaintiff has failed to demonstrate that such remedies were unavailable to him.[2] The Magistrate Judge therefore proposed that the court find that all defendants in this litigation are entitled to judgment as a matter of law on all claims in the Complaint and that the plaintiff is not entitled to judgment as a matter of law.

As stated in the PF&R, exhaustion of administrative remedies is a threshold issue that the court must address before considering the merits of the plaintiff's substantive claims for relief. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Moore v.*

---

[2] The plaintiff's Complaint alleges violations of his Eighth and Fourteenth Amendment rights and certain provisions of the West Virginia Constitution, in addition to state law claims of negligence and assault and battery, arising out of falls suffered by the plaintiff in his cell and the defendants' conduct while moving the plaintiff to the medical unit.

*Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). If a plaintiff fails to exhaust his or her administrative remedies, then the defendant is entitled to judgment as a matter of law. *Legg v. Adkins*, No. 2:16-cv-01371, 2017 WL 722604, at *2 (S.D. W. Va. Feb. 23, 2017).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, "[n]ot only must a prisoner exhaust his administrative remedies, but he must also do so properly." *Wells v. Parkersburg Work Release Ctr.*, No. 2:15-cv-04103, 2016 WL 696680, at *3 (S.D. W. Va. Jan. 19, 2016). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." *Creel v. Hudson*, No. 2:14-cv-10648, 2017 WL 4004579, at *3 (S.D. W. Va. Sept. 12, 2017) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010)).

The West Virginia Prison Litigation Reform Act ("WVPLRA") likewise "require[s] inmates to exhaust their administrative remedies before they bring a lawsuit." *Legg*, 2017 WL 722604, at *2 (citing 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i)). Under the WVPLRA, "[a]n inmate may not bring a civil action regarding

4

an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." W. Va. Code § 25-1A-2(c). Under the WVPLRA,

> [a]n ordinary administrative remedy is considered exhausted when the inmate's grievance complies with duly promulgated rules and regulations regarding inmate grievance procedures, has been accepted, fully appealed and has received a final decision from the Commissioner of Corrections or the Commissioner's designee, or the Executive Director of the Regional Jail Authority, or the Director's designee.

W. Va. Code § 25-1A-2(d).

West Virginia Division of Corrections Policy Directive 335.00(V)(D)(1), which was in effect at the time of the incidents described in the plaintiff's Complaint, provides that, "should the inmate believe that the Warden/Administrator's response does not resolve his/her grievance . . . , the inmate may submit an appeal to the Commissioner of the Division of Corrections within five (5) days after he/she receives the Warden/Administrator's response or the time for the response has passed." Defs.' Mot. Summ. J. ("Defs.' Mot.") Ex. G [ECF No. 51-7], at 8. That section further provides that appeals to the Commissioner must be sent by first class mail and that only one grievance per envelope is permitted. *Id.*

The Magistrate Judge found that the evidence in the record does not demonstrate that the plaintiff mailed appeals of his grievances to the Commissioner's Office within five days of receiving the Warden's response to each grievance. In

5

making this finding, the Magistrate Judge considered the plaintiff's voucher transactions and his outgoing legal/privileged mail log.[3]

In his objections, the plaintiff states that he "has exhausted all grievances." Pl.'s Objs. [ECF No. 73] 5. At the same time, the plaintiff also contends that the record demonstrates that the "prison interfered with [his] ability to exhaust" his remedies by failing to return his grievances and "ask[s] the court to consider [his] efforts" to "get [his] grievances answered." *Id.* at 3, 7. Assuming that these contentions constitute specific objections, the court finds them meritless.

The plaintiff must offer more than bare allegations or conclusory statements to survive a motion for summary judgment. *See Silling v. Erwin*, 881 F.Supp. 236, 237 (S.D. W. Va. 1995). Here, although the plaintiff states that "without a doubt [he] sent grievances," he has failed to provide any evidence demonstrating that he complied with Policy Directive 335.00(V)(D)(1). Pl.'s Objs. 7. Specifically, the plaintiff's legal/privileged mail log and the voucher transactions provide no indication that the plaintiff mailed any grievance appeals to the Commissioner's Office *within five days* of receiving the Warden's response to each grievance. The record shows that the only mail sent from the plaintiff to the Commissioner's Office during the relevant time period is a letter to Acting Commissioner Loita Butcher, dated May 22, 2017.

---

[3] During his deposition, the plaintiff testified that his mail vouchers for the relevant time period should demonstrate that he timely mailed his grievance appeals to the Commissioner. *See* Dep. of Garland Murray [ECF No. 71] 24–25. The Magistrate Judge held a motions hearing on December 14, 2018. At the hearing, the plaintiff indicated that he may have mailed some of his grievance appeals by first-class mail with stamps and envelopes he already possessed.

[ECF No. 1-1] 4. This letter collectively enclosed twenty-three grievances and therefore does not comply with the requirement that the plaintiff send only one appeal per envelope. The letter also fails to demonstrate that the plaintiff appealed any grievance within five days of receiving the Warden's response.

Nonetheless, in his objections, the plaintiff argues that the Commissioner failed to return his grievances, rendering the administrative process unavailable to him. In *Ross v. Blake*, 136 S. Ct. 1850, 1868 (2016), the Supreme Court held that an inmate need not exhaust unavailable remedies. The court defined "available" as "'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)). The plaintiff's arguments concerning the alleged failure of the Commissioner to return his grievances, however, miss the mark. The court has not found that the plaintiff failed to exhaust his administrative remedies because he did not obtain a response from the Commissioner. To the contrary, the court finds that the plaintiff has provided no evidence that he mailed his appeals to the Commissioner in compliance with the prison's procedures to begin with. The plaintiff has failed to produce a scintilla of evidence demonstrating that he was prevented from appropriately filing an appeal to the Commissioner or that the administrative remedy process was otherwise unavailable to him. The plaintiff's bare assertions are insufficient to create a genuine dispute of material fact as to whether he properly exhausted his administrative remedies.[4]

---

[4] The plaintiff also states in his objections that the record demonstrates a genuine issue of material fact because he was dragged down stairs, dragged across the floor, placed in an unsafe cell, and

## V. Conclusion

Accordingly, the court **OVERRULES** the plaintiff's objections and **ADOPTS** and **INCORPORATES** the findings and recommendation of the Magistrate Judge. The court **GRANTS** the defendants' Motion for Summary Judgment [ECF No. 51], **DENIES** the plaintiff's Motion for Summary Judgment [ECF No. 47], and **DISMISSES** this matter from the docket.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and the Magistrate Judge.

ENTER: January 23, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

purposely dropped on the steps. Pl.'s Obj. 4. The court dismisses this objection out of hand as it goes to the merits of the plaintiff's substantive claims, not exhaustion.